UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

.AKEEM HOWARD,

|  | |
|---|---|
| Plaintiffs, | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| -against- | |
| THE CITY OF NEW YORK,  POLICE OFFICER JESUS COLON, SHIELD #14956,SERGEANT DAVID FERRUZOLA TAX NO. ▆▆▆, POLICE OFFICER ILEEN ESTEVEZ, TAX NO. ▆▆▆  JOHN DOE POLICE OFFICERS ##1-4, | DOCKET #13CV1537(PKC)(LB) |
| | ECF CASE |
| Defendants. | |

--------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a February 1, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction is asserted.

5.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.   Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7.   Plaintiff Akeem Howard is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8.   The City of New York is a municipal corporation organized under the laws of the State of New York.

9.   All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

**10.**   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11.   On February 1, 2012, at approximately 6:40 p.m. plaintiff was on the Rockaway Parkway subway station platform sitting down waiting for a train.  He was talking about how undercover officers at that station harass riders.

12.   Next to him apparently was an undercover police officer who, in apparent retaliation for plaintiff's speech, demanded to see plaintiff's identification.  When plaintiff asked "why" the undercover officer said he was "being disorderly".

13.   The undercover officer then prevented him from getting on the train, and assaulted him by striking and strangling him, causing serious injury.  Plaintiff did nothing to provoke the

assault.  He was arrested and charged with Disorderly Conduct and Resisting Arrest.

14.   At the precinct, he asked for medical attention, but was threatened with a longer period in custody if he demanded treatment and was effectively denied treatment.  Plaintiff remained in custody for approximately 32 hours.

15.   Plaintiff was treated at Kings County Hospital after his release.  He was diagnosed with bruising to his neck and other parts of his body, and a fracture to his right hyoid bone, injuries consistent with strangulation.

16.   Plaintiff was forced to make numerous appearances in criminal court to defend himself against the charges.  All charges were dismissed, and plaintiff denied and still denies being engaged in any illegal behavior in connection with the arrest.

17.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

      a.   Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

      b.   Violation of his right to Due Process of Law under the Fourteenth Amendment to

3

the United Stated Constitution;

d.      Violation of his New York State Constitutional rights under Article 1, Section 12

to be free from an unreasonable search and seizure;

e.      Violation of his New York State Constitutional right under Article 1, Section 6 to

Due Process of Law;

f.      Pain and suffering;

f.      Emotional trauma and suffering, including fear, embarrassment, humiliation,

emotional distress, frustration, extreme inconvenience, and anxiety; and

h.  Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

20.   The above paragraphs are here incorporated by reference.

21.   Defendants acted under color of law and conspired to deprive plaintiffs of their civil,

constitutional and statutory rights to be free from unreasonable search and seizure, specifically,

plaintiff's right to be free from false arrest and false imprisonment, and use of excessive force,

and due process of law, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York

State Constitution.

22.   Plaintiff has been damaged as a result of defendants' wrongful acts.

23.   damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

24.   The above paragraphs are here incorporated by reference.

25.   Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of

liberty without probable cause.

26.   There was no reasonable expectation of successfully prosecuting plaintiff.

27.   Plaintiff was aware of his confinement and did not consent.

28.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

29.   Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

30.   The above paragraphs are here incorporated by reference.

31.   Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

32.   The criminal proceedings were terminated favorably to defendant.

33.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

34.   As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### FOURTH CAUSE OF ACTION
(ASSAULT)

35.   The above paragraphs are here incorporated by reference.

36.   By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive

touching.

37.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

38.   Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
### (BATTERY)

39.   The above paragraphs are here incorporated by reference.

40.   Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

41.   Defendants used excessive and unnecessary force with plaintiff.

42.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

43.   Plaintiff was damaged defendant's battery.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:      Brooklyn, New York
            August 2, 2013

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007

      PO Jesus Colon
      Sergeant David Ferruzola
      PO Ileen Estevez

Yours, etc,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY  11217
(718) 852-3710
lglickman@stollglickman.com

7